# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANAJAI CALCAÑO PALLANO, et al.,    )
                                   )
      Plaintiffs,                   )
                                   )
      v.                            )      C.A. No. N09C-11-021 JRJ
                                   )
THE AES CORPORTATION, et al.,      )
                                   )
      Defendants.                   )

## ORDER

**AND NOW TO WIT**, this 26th day of February, 2016, the Court having heard and duly considered AES's *Daubert* Motion to Exclude the Testimony of Dr. Sohail Khattak;[1] Plaintiffs' Response;[2] and AES's Reply;[3] **IT APPEARS THAT:**

1.    Sohail Khattak, M.D. ("Dr. Khattak") is a pediatrician, clinical pharmacologist, and researcher, specializing in the study of environmental

---

[1] AES's *Daubert* Motion to Exclude the Testimony of Dr. Sohail Khattak ("Defs.' Mot. Exclude Dr. Khattak") (Trans. ID. 57345881). This Motion is one of nineteen *Daubert* Motions filed by the parties. *See Pallano, et al. v. AES Corp., et al.*, 2015 WL 7776612 (Del. Super. Nov. 24, 2015) (Opinion Denying Defendants' *Daubert* Motion to Exclude the Testimony of William P. Konicki). The Court incorporates by reference the facts, background, and the discussion of Delaware Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), set forth in that opinion. The parties submitted twenty-six Joint *Daubert* Exhibits, which include each expert's report, deposition, and curriculum vitae ("J. Ex.") (Trans. ID. 57342400). *See* J.Ex. 6.A Report of Sohail Khattak, M.D., FRCPC ("Dr. Khattak Expert Report").

[2] Plaintiffs' Response to AES's *Daubert* Motion to Exclude the Testimony of Dr. Sohail Khattak ("Pls.' Resp.") (Trans. ID. 57496503); Pls.' Resp., Ex. A Dr. Khattak Affidavit ("Dr. Khattak Aff.").

[3] AES's Omnibus Reply in Support of *Daubert* Motions No. 1, 2, 3 and 4 to Exclude Drs. Bearer, Mattison, Khattak and Finnell ("Defs.' Reply") (Trans. ID. 57607790).

toxicology and neuro-behavioral teratology.[4]  Dr. Khattak's research focuses on diseases caused by environmental exposure to chemicals and drugs, including organic solvents.[5]

2.  Dr. Khattak opines to a reasonable degree of medical and scientific certainty that exposure to Coal Ash Waste deposited on the beach in Arroyo Barril was a substantial factor in causing the birth defects and adverse reproductive outcomes of Isael Altagracia Andujar, Starlys Garcia Deogracia, Maximiliano Altagracia Calcano, Baby Olmos, Baby Mercedes, and Amparo Andujar's failed pregnancy.[6]

3.  To reach this opinion, Dr. Khattak utilized the weight-of-the-evidence analysis and the differential diagnosis methodology.[7]  Dr. Khattak's Affidavit and Joint Declaration explain in detail the weight-of-the-evidence analysis, the differential diagnosis methodology, and his application of these methodologies.[8] Dr. Khattak personally examined two of the three living child Plaintiffs (Estarlyn Garcia and Isael Altagracia Andujar), interviewed their mothers, reviewed medical

---

[4] Dr. Khattak Expert Report at 1.
[5] *Id.*  Dr. Khattak is the lead author of a peer-reviewed article published in the Journal of American Medical Association, titled "Pregnancy Outcome Following Gestation Exposure to Organic Solvents."  This was a prospective epidemiological study relating to the relationship between birth defects and gestational exposure to organic solvents. Dr. Khattak Aff. ¶¶ 1, 10–12.
[6] Dr. Khattak Expert Report at 2.
[7] *Id.* at 2–3.
[8] *See* Plaintiffs' Response to AES's *Daubert* Motion to Exclude the Testimony of Dr. Donald Mattison, Ex. B Joint Declaration of Sohail Khattak, M.D., FRCP(C), Richard H. Finnell Ph.D., and Donald R. Mattison, M.D. ("Joint Declaration") (Trans. ID. 57496491).

records of all of the Plaintiffs, and reviewed the reports of other examining physicians, including Dr. Phouc Le and Defendants' Medical Examiner Dr. Pedro Sanchez.[9]

4. Dr. Khattak's report contains an in-depth summary of each Plaintiffs' medical records and an in-depth summary of his medical examinations.[10] Dr. Khattak's report discusses scientific literature establishing the reproductive toxicity of Coal Ash Waste and its toxic constituents.[11] Dr. Khattak reviewed Dr. Bearer's expert report analyzing the scientific literature she relied upon, the link to each Plaintiffs' particular injuries,[12] and expert exposure data and exposure models evaluating the timing, length, and intensity of exposures.[13] Finally, Dr. Khattak discusses the alternative causes he ruled out and why he disagrees with the Defendants' expert Dr. Anthony Scialli's contrary methodological approach and conclusions.[14] Dr. Khattak concludes his report by summarizing his causation opinion for each child Plaintiff and Amparo Andujar's failed pregnancy.[15]

5. The Court finds that Dr. Khattak's expert opinions satisfy *Daubert* and are admissible under Delaware Rule of Evidence 702. Plaintiffs have established that Dr. Khattak's proffered testimony is based upon sufficient facts and data, is

---

[9] Dr. Khattak Aff. ¶¶ 49–50.
[10] Dr. Khattak Expert Report at 4–35.
[11] *Id.* at 35–46; Dr. Khattak Aff. ¶ 30.
[12] Dr. Khattak Aff. ¶¶ 76–77.
[13] *Id.* ¶¶ 110–27.
[14] *Id.* ¶¶ 13–14, 33, 51–59.
[15] Dr. Khattak Expert Report at 48–50.

the product of reliable principles and methods, and he has applied the principles and methods reliably to the facts of this case.  Dr. Khattak has explained the literature he relied upon (and did not rely upon), the methodology he employed, and has articulated his thought process, evaluation methods, and conclusions.

**WHEREFORE,** because the Court finds that the opinions set forth in Dr. Khattak's Expert Report, Deposition, and Affidavit, and Joint Declaration are both relevant and reliable, AES's *Daubert* Motion to Exclude the Testimony of Dr. Sohail Khattak is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

4